UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

In re:                                                  Multidistrict Litigation
                                                        No. 09-md-2059 (RHK/JJK)
Activated Carbon-Based Hunting
Clothing Marketing and Sales Practices                  **ORDER**
Litigation

THIS DOCUMENT RELATES TO:

Pickering v. A.L.S. Enterprises, Inc., *et al.*, Civ. No. 09-1603 (RHK/JJK)
Dorris v. A.L.S. Enterprises, Inc., *et al.*, Civ. No. 09-1609 (RHK/JJK)
Pemberton v. A.L.S. Enterprises, Inc., *et al.*, Civ. No. 09-1610 (RHK/JJK)
Beld v. A.L.S. Enterprises, Inc., *et al.*, Civ. No. 09-1611 (RHK/JJK)
Lange v. A.L.S. Enterprises, Inc., *et al.*, Civ. No. 09-1805 (RHK/JJK)
Cook v. A.L.S. Enterprises, Inc., *et al.*, Civ. No. 09-1806 (RHK/JJK)
Super v. A.L.S. Enterprises, Inc., *et al.*, Civ. No. 09-2036 (RHK/JJK)
Lynch v. A.L.S. Enterprises, Inc., *et al.*, Civ. No. 09-2242 (RHK/JJK)

---

These matters are before the Court on the Plaintiffs' Motions for Class Certification.[1] For the reasons set forth below, the Motions will be denied.

The Plaintiffs in these putative class actions allege that the Defendants engaged in false advertising and deceptive trade practices under the laws of California, Florida, Illinois, Indiana, Maryland, Michigan, New York, and Wisconsin in the marketing and sale of carbon-embedded hunting clothing. A similar action alleging parallel claims under Minnesota law, but which is more procedurally advanced, also is pending before

---

[1] The Docket Numbers of the Motions are: No. 61 in Civ. No. 09-1603 (Pickering); No. 93 in Civ. No. 09-1609 (Dorris); No. 56 in Civ. No. 09-1610 (Pemberton); No. 46 in Civ. No. 09-1611 (Beld); No. 40 in Civ. No. 09-1805 (Lange); No. 67 in Civ. No. 09-1806 (Cook); No. 31 in Civ. No. 09-2036 (Super); and No. 19 in Civ. No. 09-2242 (Lynch).

the Court. See Buetow v. ALS Enters., Inc., Civ. No. 07-3970.[2] All but one of these actions (and Buetow) were commenced elsewhere and transferred to this Court for coordinated and consolidated pre-trial proceedings by the Judicial Panel on Multidistrict Litigation. The Plaintiffs in the eight cases *sub judice* now seek class certification under Federal Rule of Civil Procedure 23.

The Court has been down this road before. In Buetow, the plaintiffs sought class certification for their Minnesota consumer-fraud claims, but their Motion was denied. See 259 F.R.D. 187 (D. Minn. 2009). The problem for the Buetow plaintiffs was one of predominance under Federal Rule of Civil Procedure 23(b)(3). Class treatment was inappropriate, the Court concluded, because the Defendants would be entitled to offer individualized proof regarding each class member's "direct or circumstantial showing of causation and reliance," and therefore common issues did not predominate. Id. at 191 (quoting In re St. Jude Med., Inc., 522 F.3d 836, 840 (8th Cir. 2008)). The Buetow plaintiffs sought interlocutory review of the Court's Order denying class certification, but the Eighth Circuit denied their request for permission to appeal. (See Doc. No. 254 in Civ. No. 07-3970.)

In a footnote at the end of the Order denying class certification in Buetow, the Court noted:

> After the instant Motion was taken under advisement, the Judicial Panel on Multidistrict Litigation ordered that this case be coordinated and consolidated with several related cases transferred to this Court pursuant to

---

[2] The Buetow plaintiffs are represented by the same counsel as the Plaintiffs in these cases. Familiarity with the proceedings in Buetow is assumed.

2

> 28 U.S.C. § 1407. Accordingly, the Court will address the class-certification motions in those related cases at some later date. While such motions will each be given individual consideration, *the Court notes that the predominance concerns preventing certification in the present action will likely be present in the subsequent motions for class certification in the related cases.*

259 F.R.D. at 193 n.5 (emphasis added). Undeterred, the Plaintiffs in these cases now seek class certification. Not surprisingly, the failings evident in <u>Buetow</u> are equally evident here.

The Plaintiffs attempt to avoid <u>Buetow</u> by focusing on "causation" rather than "reliance." (<u>See</u> Pl. Mem. at 28-56.)[3] Yet, this poses the same problem that proof of reliance posed in <u>Buetow</u>, because here "causation" and "reliance" mean the same thing: the Plaintiffs purchased (or paid too much for) the Defendants' products because of, or in reliance on, the Defendants' alleged misrepresentations. As the Eighth Circuit noted in <u>St. Jude</u>:

> Where, as here, the plaintiffs allege that their damages were *caused by* deceptive, misleading, or fraudulent statements or conduct in violation of the misrepresentation in sales laws, as a practical matter it is not possible that the damages could be caused by a violation *without reliance* on the statements or conduct alleged to violate the statutes.

522 F.3d at 839 (emphases added) (citation omitted); <u>see also</u> <u>Cullen v. Whitman Med. Corp.</u>, 188 F.R.D. 226, 232 (E.D. Pa. 1999) (stating that "contrasting reliance and causation is simply noting a distinction without a difference" and that "proof of proximate cause is fraught with the same evidentiary trappings as proof of reliance"). In the Plaintiffs' own words, they must show that the "Defendants' misrepresentations

---

[3] As the Plaintiffs acknowledge, the statutes they have invoked in Illinois, Indiana, Maryland, New York, and Wisconsin require proof of causation. (<u>See</u> Reply Mem. at 12-17.)

3

induced class members to purchase" the products in question. (Pl. Mem. at 23.) Hence, as in Buetow, the Defendants will be able to offer individualized proof for the reasons the Plaintiffs made their purchases, rendering class treatment inappropriate.

As for the claims under the remaining states' laws – namely, those of California, Florida, and Michigan, which do not require proof of causation or reliance[4] – the Court agrees with the Defendants that the Plaintiffs still must proffer some evidence of reliance (or causation), lest they lack standing. The Eighth Circuit recently made this clear in Arvitt v. Reliastar Life Insurance Co., __ F.3d __, 2010 WL 3168453 (8th Cir. Aug. 12, 2010). The Arvitt plaintiffs brought putative class claims under California consumer-fraud statutes, including one of the same statutes at issue here. This Court (Ericksen, J.) denied the plaintiffs' motion for class certification, concluding that individualized issues regarding how each class member had relied upon the defendant's marketing predominated over common questions. The plaintiffs appealed, arguing (like the Plaintiffs here) that they were not required to "produce evidence of individual class members' reliance or injury." Id. at *8. The Eighth Circuit disagreed. While it noted that the plaintiffs might be able to bring a class action in *state* court without such evidence, they were nevertheless required to show that each class member was injured by the defendant's conduct – that is, relied upon the defendant's misrepresentations – in order to have Article III standing in *federal* court. Id. at *8-9.

---

[4] As the Defendants have noted, there appears to be some question whether causation and/or reliance is required under these states' laws. (See Def. Mem. at 55-60.) Regardless, the Court assumes *arguendo* that reliance and causation are not required to state a claim under the relevant statutes in these states.

4

The same is true here. In order for class members to have standing in this Court, they must have relied upon the Defendants' alleged misrepresentations. Such reliance implicates the same concerns about individualized proof as in Buetow and as discussed above. Class certification of these claims, therefore, would be improper.

The Plaintiffs argue that even if their misrepresentation claims do not warrant class certification, they have also pleaded omission claims that are entitled to proceed on a class basis because "if an omission is material, reliance or causation is presumed." (Reply Mem. at 17-18.) Of course, some courts have held that "claims based 'primarily on *omissions* rather than *misrepresentations* . . . also should require some showing of causation or detrimental reliance, necessitating individualized proof.'" Owen v. Regence Bluecross Blueshield of Utah, 388 F. Supp. 2d 1335, 1338 (D. Utah 2005) (emphases in original) (quoting Tootle v. ARINC, Inc., 222 F.R.D. 88, 97 (D. Md. 2004)). But regardless, the Plaintiffs' argument misses the mark because even if a presumption of reliance or causation were to arise from the Defendants' (alleged) omissions, the Defendants still would be entitled to offer evidence rebutting that presumption. See St. Jude, 522 F.3d at 840 ("[Even if the law] does not *require* the *plaintiff* to present direct proof of individual reliance, [it] surely does not *prohibit St. Jude* from presenting direct evidence that an individual plaintiff . . . did not rely on representations from St. Jude.") (emphases in original). In other words, the presumption would not change the individualized nature of the inquiry. Because the defenses in these cases will involve "evidence concerning the reliance or non-reliance of [class members] on representations

5

made by" the Defendants, it is "clear that resolution of [the Defendants'] liability to each plaintiff under the consumer fraud statutes will be dominated by individual issues." Id.[5]

The Plaintiffs also argue that class certification is appropriate because they seek "primarily" injunctive relief, but that does not alter the Court's analysis. See Arvitt, 2010 WL 3168453, at *10. Individualized issues concerning reliance or causation simply render this case "not cohesive enough" for class certification, even for an injunctive class. Id. at *11 (affirming denial of certification of injunctive class because "the extent of each individual's reliance[] varied between plaintiffs").

At bottom, actions like these alleging consumer fraud typically "are unsuitable for class treatment" because "proof often varies among individuals concerning what representations were received, and the degree to which individual persons relied on the representations." St. Jude, 522 F.3d at 838. That conclusion applies with full force here. Based on the foregoing, and all the files, records, and proceedings herein, as well as the reasons stated in Buetow, **IT IS ORDERED** that Plaintiffs' Motions for Class Certification (Doc. No. 61 in Civ. No. 09-1603; Doc. No. 93 in Civ. No. 09-1609; Doc. No. 56 in Civ. No. 09-1610; Doc. No. 46 in Civ. No. 09-1611; Doc. No. 40 in Civ. No. 09-1805; Doc. No. 67 in Civ. No. 09-1806; Doc. No. 31 in Civ. No. 09-2036; and Doc. No. 19 in Civ. No. 09-2242) are **DENIED.**

Date: September 29, 2010      s/Richard H. Kyle
                              RICHARD H. KYLE
                              United States District Judge

---

[5] The same is true of the Plaintiffs' unjust-enrichment and breach-of-warranty claims, each of which will require individualized proof. E.g., In re Baycol Prods. Litig., 218 F.R.D. 197, 213-14 (D. Minn. 2003) (Davis, J.); Clarke v. LR Sys., 219 F. Supp. 2d 323, 331 (E.D.N.Y. 2002).